VENTURA CARABALLO, Plaintiff and Appellant, v. AGUSTÍN
CENTENO-GARCÍA, Defendant and Appellee.

No. 3356. Argued December 12, 1924.—Decided March 13, 1925.

1. MORTGAGE—FORECLOSURE— BANKRUPTCY — COMPOSITION. — In May, 1921, the
   creditor presented to his debtor an account current which included interest
   on a mortgage loan. The debtor filed a petition in bankruptcy in the federal
   court on July 27th and included the said account in his schedule. On August
   9th the creditor brought summary foreclosure proceedings and the property
   was sold on Novembber 3rd. *Held:* That the acceptance by the creditor
   after the judicial sale of fifteen per cent of the amount of the account cur-
   rent, which the debtor paid under a composition accepted on December 3,
   1921, was not reason for annulling the foreclosure proceeding.

District Court of Humacao, Pablo Berga, J. Judgment for the de-
   fendant in an action for the annulment of foreclosure proceed-
   ings. *Affirmed.*

*Francisco González Fagundo* and *Francisco González, Jr.,* for the
   appellant. *Joaquín Vendrell* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

[1] This was a case where the appellee began a sum-
mary proceeding on August 9, 1921, to recover a mortgage
debt. The auction sale took place and the debtor seeks to
annul the proceedings. The mortgage, it was maintained,
matured by reason of the non-payment of interest, but the
debtor insisted that he did not owe any interest. The court
decided against him.

The public auction of the mortgaged premises took place
on November 3, 1921. In May of that year the creditor
had presented to the debtor a current account for a much
greater amount than the interest, but the instalments of
interest were included in the current account. A suit for
this amount was begun, but was suspended by a bankruptcy
adjudication and order.

On July 27, 1921, the appellant filed in the District
Court of the United States a petition in bankruptcy. Sched-
uled in the debts filed by the bankrupt was the account pre-
sented by the creditor in May and which included the in-
terest due. Subsequently there was a composition accepted

by the creditors of the bankrupt, but in the composition proceedings the appellee did not intervene.

The composition settlement was for 15 per cent of the debts and it is a fact that the mortgage creditor ultimately accepted 15 per cent of the whole submitted May account. The complainant maintains that this payment and acceptance discharged the whole debt due. The composition offer was confirmed however on December 3, 1921. At that time the auction sale was a completely consummated transaction, having taken place on November 3, 1921. The schedules in the bankruptcy case, being a voluntary one, were prepared by the bankrupt and the record makes it highly probable that when creditor Centeno accepted the check in the composition he did not realize that it was for the whole claim presented in May, including the interest on the mortgage. It was conceded at the hearing that the payment in composition to Centeno was made after the mortgage sale was consummated.

In any event, at no time until the conclusion of the mortgage proceeding had the creditor taken any step to accept payment and none had actually been made. So that the District Court of Humacao had complete jurisdiction and authority to proceed to auction and sell the mortgaged property. The fact that the creditor in the bankruptcy proceeding actually received 15 per cent of the interest due on the mortgage would entitle the appellant to recover the same in a suit for that which was not due (*lo indebido*), but nothing done after the sale could have a retroactive effect.

Moreover, the mortgage contract provided that the whole mortgage should mature if the debtor failed to pay three months' interest. Such a default was made and the mortgage became due. We might question, without deciding, whether the payment of the interest subsequently could annul the whole mortgage proceeding.

The judgment appealed from must be affirmed.